UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RUBEN KU
JOSE MORA
LESLIE SANCHEZ
RUDIN MAZARIEGOS
DUNIA LEMUS RODRIGUEZ
ANGEL FERNANDO VICENT
JOSE SERRANO
JOSDUAR SERRANO
JOHNNY CARDONA
EDER AVILA
JAILYN OSTOS
RAUL SANDOVAL

       Plaintiffs,

vs.

1611 NORTH FEDERAL CORP
d/b/a CATALINA RESTARAUNT
and DANIEL O'FLAHERTY; individually

       Defendant.

_____/

## COMPLAINT

Plaintiff(s), RUBEN KU, JOSE MORA, LESLIE SANCHEZ, RUDIN MAZARIEGOS,

DUNIA LEMUS RODRIGUEZ, ANGEL FERNANDO VICENT, JOSE SERRANO,

JOSDUAR SERRANO, JOHNNY CARDONA, EDER AVILA, JAILYN OSTOS, RAUL

SANDOVAL ("Plaintiff(s)"), by and through the undersigned counsel, hereby sues Defendants,

1611 NORTH FEDERAL CORP Dba CATALINA RESTARAUNT.

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiffs for damages exceeding $15,000 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiffs were at all times relevant to this action, and continue to be, residents of Broward County Florida, within the jurisdiction of this Honorable Court.

3. Defendant, 1611 NORTH FEDERAL CORP Dba CATALINA RESTARAUNT. is a Florida Profit Corporation, conducting business in Broward County, Florida, where Plaintiffs worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

4. Venue is proper in Broward Dade because all of the actions that form the basis of this Complaint occurred within Broward County.

5. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiffs performed work for Defendants and are owed money which they never received.

8. Defendants did not pay Plaintiffs final paychecks which ranged anywhere from 1- 4 weeks depending on which Plaintiff.

9. All plaintiffs. throughout their entire period of employment worked over 40 hours a week and were never paid the overtime rate they were due.

10. Defendants willfully violated the FLSA because when Plaintiff's approached the Defendant's regarding their lack of compensation, they were told to seek legal representation.

11. All plaintiffs were non-exempt employees.

## COUNT I

*FLSA Violation against 1611 NORTH FEDERAL CORP d/b/a CATALINA RESTARAUNT*

12. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

13. This action is brought by Plaintiffs to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

14. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

15. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

16.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA applies.  The Plaintiffs' work for the Defendant likewise affects interstate commerce.

17. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

18. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above. As such, Plaintiffs are entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

a.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

b.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

d.  Award Plaintiffs the costs of this action, together with reasonable attorney fees; and

e.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II

*FLSA Violation against 1611 NORTH FEDERAL CORP d/b/a* **DANIEL O'FLAHERTY**

19. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

20. This action is brought by Plaintiffs to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

21. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

22. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

23.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA applies.  The Plaintiffs' work for the Defendant likewise affects interstate commerce.

24. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

25. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above. As such, Plaintiffs are entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

f.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

g.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

h.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

i.  Award Plaintiffs the costs of this action, together with reasonable attorney fees; and

j.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated __10/21/19_____


                                                    Respectfully submitted,


                                          __/s/Rainier Regueiro_____
                                          **Rainier Regueiro, Esq.**
                                          Florida Bar No.: 115578
                                          rregueiro@rgpattorneys.com
                                          **REMER & GEORGES-PIERRE, PLLC**
                                          COMEAU BUILDING
                                          319 Clematis Street, Suite 606
                                          West Palm Beach, FL 33401
                                          Telephone: (561) 225-1970
                                          Facsimile: (305) 416-5005